THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* I. EDWARD REITER, Appellant.

Submitted January 27, 1937; decided March 16, 1937.

*Richard F. Weeks* and *Herman Weintraub* for appellant. The absence of criminal intent is fatal to an affirmance of the judgment appealed from. (*Curley* v. *United States*, 130 Fed. Rep. 1; *Beare* v. *Wright*, 14 N. D. 26; *Neibuhr* v. *Gage*, 99 Minn. 149; *State ex rel. Williams* v. *Purl*, 228 Mo. 1; *Caccioppoli* v. *Lemmo*, 152 App. Div. 650; *Marden* v. *Dorthy*, 160 N. Y. 39; *Matter of Barnard*, 151 App. Div. 580; *Matter of Erlanger*, 145 Misc. Rep. 1.) Subdivision 2 of section 1820-a of the Penal Law must be given a more reasonable construction than the court below adopted. (*People* v. *Marcus*, 261 N. Y. 268; *People* v. *Kresel*, 243 App. Div. 137.)

*William Copeland Dodge, District Attorney (Lynn Boston* of counsel), for respondent. In order to constitute a violation of subdivision 2, of section 1820-a, all that is required is a willful false certification. (*Albany County Sav. Bank* v. *McCarty,* 149 N. Y. 71; *People* v. *Abraham,* 16 App. Div. 58; *People* v. *Abeel,* 45 Misc. Rep. 86; 100 App. Div. 516; 182 N. Y. 415; *Loaff* v. *Lawton,* 14 Hun, 588; *Marden* v. *Dorthy,* 160 N. Y. 39; *People* v. *Hayes,* 70 Hun, 111; 140 N. Y. 484; *Caccioppoli* v. *Lemmo,* 152 App. Div. 650; *People* v. *Marrin,* 205 N. Y. 275; *Matter of Barnard,* 151 App. Div. 580; *Matter of Gotthein,* 153 App. Div. 779.)

O'BRIEN, J. The information alleges that defendant, as a notary public, fraudulently and deceitfully made a certificate upon a general release that Frances Wandruff personally appeared before him and acknowledged to him that she had executed the release but that in fact she did not appear before him and did not acknowledge that she had signed the document. Defendant, who is a member of the bar, was convicted but sentence was suspended.

As a witness he admitted that he never met Frances Wandruff, did not know her signature and did not know whether she had actually signed the release but that he accepted the statements of Mrs. Wandruff's husband and son that she had signed it. There is no proof that she did not sign it nor any proof of fraud or intentional deceptive practice by defendant. He did, however, violate his strict duty as a notary public and the District Attorney argues that, by virtue of subdivision 2 of section 1820-a of the Penal Law, his act constitutes a misdemeanor. This is the only question in the case.

The statute under which defendant was convicted provides: " A notary public or commissioner of deeds, who in the exercise of the powers, or in the performance of the duties of such office shall practice any fraud *or deceit, the punishment for which is not otherwise provided for by*

*this act*, shall be guilty of a misdemeanor." At the close of the case, immediately before the suspension of sentence, the District Attorney frankly stated to the court: " He did not intend to do anything wrong. He had no criminal intention; never attempted to deceive." For all that, his negligent act did have the effect of deceiving the party to whom the release was given. One reading the *jurat* could not fail to draw an inference which was contrary to the fact. Even though defendant intended no wrong and no injury resulted, his failure accurately to state the fact is not consistent with the strict obligation imposed upon a notary public. He intended to make the statement which he did make, but he believed that his want of accuracy was immaterial. On the facts of this case, his belief may be and probably is true. Nevertheless, since his act was, in fact, deceptive, it constitutes a " deceit, the punishment for which is not otherwise provided for " by the Penal Law. If defendant had acted with dishonest intent he could have been prosecuted under other sections of the statute. Violation of subdivision 2 of section 1820-a is included among those forbidden acts concerning which no criminal intent or moral turpitude is necessarily involved. Misconduct by another attorney, exactly similar to that of this defendant, has been characterized by the Appellate Division as most serious and deserving severe censure but not disbarment. (*Matter of Barnard*, 151 App. Div. 580.)

The judgment should be affirmed.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgment affirmed.